IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS M. SANCHEZ

        Plaintiff,

v.                                                                                         No. 14cv345 JB/RHS

USAA INSURANCE and
VICTORIA ULIBARRI,

        Defendants.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on United States District Judge James O. Browning's Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed April 15, 2014 (Doc. 4)("Order of Reference"). The two issues are: (i) whether the Court should grant Plaintiff Dennis M. Sanchez' ("Sanchez") Application to Proceed in District Court without Prepaying Fees or Costs, filed April 11, 2014 (Doc. 3)("Application"); and (ii) whether the Court should dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, I recommend that the Court: (i) grant Sanchez's Application, because he is unemployed and his expenses far exceed his income; and (ii) dismiss this case for failure to state a claim.

## PROCEDURAL BACKGROUND

On April 11, 2014, Sanchez filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 2)("Complaint"). The only factual allegations in the Complaint are: "Auto accident 4/12/2011 I was struck from behind by Victoria Ulibarri. I have loss of income medical and dental costs." (Complaint at 2). There are no factual allegations regarding Defendant USAA

Insurance ("USAA").

Also on April 11, 2014, Sanchez filed his Application to proceed *in forma pauperis*. Sanchez signed an affidavit stating he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true. (*See* Application at 1). Plaintiff states that: (i) his average monthly income is $500.00; (ii) he has only $100.00 in cash; (iii) the value of his home is $500,000.00; (iv) the value of his motor vehicle is $3,000.00; (v) his monthly expenses, which include a $1,800.00 mortgage payment, total $3,300.00; and (vi) he is unemployed. (*See* Application at 1-5).

## LAW REGARDING PROCEEDING *IN FORMA PAUPERIS*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).

## LAW REGARDING DISMISSAL PURSUANT TO 28 U.S.C. 1915(e)(2)(B)

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such

2

relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim"). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

The Court may grant a motion to proceed *in forma pauperis* even if the complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *See Buchheit v. Green*, 705 F.3d 1157, 1160-1161 (10th Cir. 2012) (nothing in the statute regarding proceedings *in forma pauperis*, 28 U.S.C. § 1915, indicates that a dismissal must occur before the grant of a motion to proceed *in forma pauperis*); *Oughton v. United States*, 310 F.2d 803, (10th Cir. 1962) ("if an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the

3

proceeding").

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ( "Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.* 336 Fed.Appx. 841, 842 (10th Cir. 2009) (*quoting Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.*

## **ANALYSIS AND RECOMMENDATIONS**

I recommend that the Court grant Sanchez's Application to Proceed in District Court Without Prepaying Fees or Costs.  Sanchez signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true.   Sanchez states that he is unemployed and that his total monthly income is $500.00.  Although Sanchez states that he owns a home worth $500,000.00, he also states he is making mortgage payments and that his monthly expenses are more than six times his monthly income.

I also recommend that the Court dismiss the claims against USAA and Ulibarri without prejudice because they are not state actors and amendment of the Complaint would be futile. The only allegations in Sanchez's Complaint against Ulibarri is that there was an auto accident, in which Sanchez was struck from behind by Ulibarri, resulting in loss of income and causing Sanchez to incur medical and dental costs.   Sanchez's Complaint makes no allegations regarding USAA.  Sanchez's Complaint makes no allegations that USAA or Ulibarri were jointly engaged with state officials or conspired with state actors, or that their actions are otherwise attributable to any state actors.  The nature of this case, an auto accident allegedly caused by a private party, indicates that amendment of the Complaint would not state a claim and, therefore, would be futile.

*Robert Hayes Scott*
UNITED STATES MAGISTRATE JUDGE