IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS M. SANCHEZ

     Plaintiff,

vs.                                                     No. CIV 14-0345 JB/RHS

USAA INSURANCE and
VICTORIA ULIBARRI,

     Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Analysis and Recommended Disposition, filed May 30, 2014 (Doc. 5)("Recommended Disposition"); (ii) Plaintiff Dennis M. Sanchez' Application to Proceed in District Court without Prepaying Fees or Costs, filed April 11, 2014 (Doc. 3)("Application"); and (iii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 11, 2014 (Doc. 2)("Complaint"). The Court agrees with the conclusion of the Honorable Robert H. Scott, United States Magistrate Judge for the District of New Mexico in his Recommended Disposition. The Court will adopt the Recommended Disposition and grant Plaintiff Dennis M. Sanchez' Application, because he is unemployed and his expenses exceed his income. The Court will also dismiss this case for failure to state a claim.

**PROCEDURAL BACKGROUND**

Sanchez filed his Complaint on April 11, 2014, pursuant to 42 U.S.C. § 1983. The only factual allegations in the Complaint are: "Auto accident 4/12/2011 I was struck from behind by Victoria Ulibarri. I have loss of income medical and dental costs." Complaint at 2. There are no factual allegations regarding Defendant USAA Insurance.

Also on April 11, 2014, Sanchez filed his Application to proceed in forma pauperis. Sanchez signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true. See Application at 1. Sanchez states that: (i) his average monthly income is $500.00; (ii) he has only $100.00 in cash; (iii) the value of his home is $500,000.00; (iv) the value of his motor vehicle is $3,000.00; (v) his monthly expenses, which include a $1,800.00 mortgage payment, total $3,300.00; and (vi) he is unemployed. See Application at 1-5.

On April 15, 2014, the Court referred this case to Judge Scott for recommended findings and final disposition. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed April 15, 2014 (Doc. 4). Judge Scott reviewed Sanchez' Application and found that

> Sanchez signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true. Sanchez states that he is unemployed and that his total monthly income is $500.00. Although Sanchez states that he owns a home worth $500,000.00, he also states he is making mortgage payments and that his monthly expenses are more than six times his monthly income.

Recommended Disposition at 5. Judge Scott recommended that the Court grant Sanchez' Application. See Recommended Disposition at 5. Judge Scott examined the allegations in Sanchez' Complaint. He concluded:

> The only allegations in Sanchez's Complaint against Ulibarri is that there was an auto accident, in which Sanchez was struck from behind by Ulibarri, resulting in loss of income and causing Sanchez to incur medical and dental costs. Sanchez's Complaint makes no allegations regarding USAA. Sanchez's Complaint makes no allegations that USAA or Ulibarri were jointly engaged with state officials or conspired with state actors, or that their actions are otherwise attributable to any state actors. The nature of this case, an auto accident allegedly caused by a private

party, indicates that amendment of the Complaint would not state a claim and, therefore, would be futile.

Recommended Disposition at 5.  Judge Scott recommended that the Court dismiss the claims against USAA and Ulibarri without prejudice because they are not state actors and amendment of the Complaint would be futile.  See Recommended Disposition at 5.  Objections to the Recommended Disposition were due by June 16, 2014.  Sanchez did not file an objection to the Recommended Disposition.

## **LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Lester v. Harada, CIV 13-0127 JB/KBM, 2013 WL 6503532, at *2 (D.N.M. Nov. 30, 2013)(Browning, J.)(citing Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .")).  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 75 F.3d at 1059 (citations omitted).   In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court

correctly held that [a petitioner] had waived argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or *ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S.

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana, Menefee v. Werholtz, 368 F. App'x 879 (10th Cir. 2010)(unpublished), Montana v. Hargett, 84 F. App'x 15 (10th Cir. 2003), and Stone v. Elohim, Inc., 336 F. App'x. 841 (10th Cir. 2009)(unpublished), have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

>1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.   It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."  (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, although "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule.  See 73 F.3d at

- 6 -

1060-1061 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b))(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-1009 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review

of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724–25 (holding that the district court's adoption of the Magistrate Judge's "particular

reasonable-hour estimates" for attorneys' fees is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Social Security Administration, No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF & RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not, when there is no objection, determine independently what it would do if the issues had come before the Court first but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.)). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28,

2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## LAW REGARDING PROCEEDING IN FORMA PAUPERIS

The statute for proceedings in forma pauperis, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets while the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case.

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(unpublished)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).

The Court may grant a motion to proceed in forma pauperis even if the complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding proceedings in forma pauperis, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.");  Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962).

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d at 804.

### LAW REGARDING DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The statute governing proceedings in forma pauperis requires federal courts to dismiss an in forma pauperis proceeding that "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007); Montana v. Hargett, 84 F. App'x 15, 17 (10th Cir. 2003)("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences

that might be drawn from them, in the light most favorable to the plaintiff." Kay v. Bemis, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. See Kay v. Bemis, 500 F.3d at 1218 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 authorizes suits only against persons acting under color of state law. See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law.").

> [The] state action doctrine requires that "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

Stone v. Elohim, Inc., 336 F. App'x. 841, 842 (10th Cir. 2009)(unpublished)(quoting Johnson v. Rodrigues, 293 F.3d 1196, 1202 (10th Cir. 2002)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009). A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights. See Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual

averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action."   Beedle v. Wilson, 422 F.3d at 1073.

### ANALYSIS

The Court has reviewed the Recommended Disposition to determine whether it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, because Sanchez did not object to the Recommended Disposition.  Sanchez did not object to any of the facts or the legal analysis set forth in the Recommended Disposition.  The Court concludes that the recommendations are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Trujillo v. Soc. Sec. Admin., 2013 WL 1009050, at *5.  Accordingly, the Court will: (i) adopt the Recommended Disposition; (ii) grant Sanchez' Application to proceed in forma pauperis; and (iii) enter a judgment dismissing this case without prejudice.

**IT IS ORDERED** that: (i) the Magistrate Judge's Analysis and Recommended Disposition, filed May 30, 2014 (Doc. 5), is adopted; (ii) the Application to Proceed in District Court without Prepaying Fees or Costs, filed April 11, 2014 (Doc. 3), is granted; and (iii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 11, 2014 (Doc. 2), is dismissed without prejudice.

    _____
    UNITED STATES DISTRICT JUDGE

*Party:*

Dennis M. Sanchez
Corrales, New Mexico

    *Petitioner pro se*